IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CITO PRODUCTS, INC.,
a Wisconsin corporation,

                      Plaintiff,

    v.

JAMES MacDUFF,
an individual,

                      Defendant.

OPINION AND ORDER

07-cv-443-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This is a civil suit for declaratory judgment of non-infringement of a patent brought by plaintiff Cito Products, Inc. against defendant James MacDuff. Defendant has moved to dismiss it on the ground that this court lacks jurisdiction over his person. I find that plaintiff has failed to show that defendant is subject to the jurisdiction of a court sitting in Wisconsin and conclude that the case against him must be dismissed.

When a party files a motion to dismiss for lack of personal jurisdiction, the court has two options. It may hold a hearing or issue a ruling based on the parties' written submissions. When the court holds an evidentiary hearing to determine jurisdiction, the plaintiff must establish jurisdiction by a preponderance of the evidence. Purdue Research

1

Foundation v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 782 (7th Cir. 2003); Hyatt International Corp. v. Coco, 302 F.3d 707, 713 (7th Cir. 2002). However, when the district court rules on a defendant's motion to dismiss in reliance on the submission of written materials, without the benefit of an evidentiary hearing, the plaintiff "need only make out a prima facie case of personal jurisdiction." Id. In evaluating whether the prima facie standard has been satisfied, the plaintiff "is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record." Purdue Research Foundation, 338 F.3d at 782; RAR, Inc. v. Turner Diesel, Ltd., 107 F.3d 1272, 1275 (7th Cir. 1997).

No hearing has been held on defendant's motion to dismiss. Therefore, I have construed all facts regarding personal jurisdiction in plaintiff's favor.

From the complaint and the documents submitted by the parties in connection with their pending motions, I draw the following facts.

## JURISDICTIONAL FACTS

Plaintiff Cito Products, Inc. is a Wisconsin corporation. Defendant James MacDuff has resided in British Columbia, Canada for about 50 years. Defendant is the named inventor and sole owner of U.S. Patent No. 5,542,603.

On June 29, 2007, defendant's counsel wrote to plaintiff in this district demanding that plaintiff

2

cease and desist from using, making, or selling any hydronic heating systems that would infringe on any of the thirteen claims of U.S. Patent No. 5,542,603. Mr. MacDuff is prepared to take legal action against any person who infringes this patent, including the seeking of treble damages for willful infringement.

Defendant invented the radiant floor heating system claimed by the '603 patent, which issued on August 6, 1996. He has granted MacDuffco Manufacturing, Inc., an exclusive license to sell, manufacture and distribute his patented heating system. He does not receive any payments from the company under the licensing agreement. He has not granted the company the right to enforce the '603 patent by itself.

MacDuffco is located in British Columbia. The company manufactures and distributes the Ultra-Fin radiant floor heating system under its exclusive license from defendant. The system is distributed and sold in Wisconsin and throughout the United States. MacDuffco has been selling the Ultra-Fin product in Wisconsin for seven years. In peak years, sales have reached $100,000.

MacDuffco is owned and operated by defendant's sons, Matthew and Malcolm. Defendant retains no ownership interest in the company, exercises no control over it and has never received a salary from the company. However, he "drops by" once or twice a week, gives his sons occasional help with research and development and has attended trade shows to help explain the technology of the heating system, taking with him equipment and displays of the radiant heating system.

3

Defendant has discussed new product ideas with representatives of MacDuffco's exclusive Wisconsin distributor, MBA Corporation. Several years ago, he visited Wisconsin on his way back from a trade show at MBA's request to consult on a problem that a Wisconsin customer was experiencing with the Ultra-Fin product. Defendant traveled to Wisconsin, visited the customer's home and came up with a suggestion for fixing the problem. Defendant traveled to Wisconsin on one occasion about four years ago to attend a trade show with his sons. On several occasions, he has driven through Wisconsin, but not for the past several years.

Defendant owns no office, property, bank account, post office box, mail drop or telephone listing in Wisconsin. He has no business relationship with any individual or entity in the state, including agents or representatives. He is not registered to conduct business in Wisconsin and has not solicited business in the state.

Defendant works with MacDuffco on patent enforcement issues. Before sending the cease and desist letter to plaintiff, defendant consulted with company personnel. Defendant authorized the company to call plaintiff to tell it to cease and desist manufacture.

Plaintiff has developed a radiant heating system like that claimed in the '603 patent and is manufacturing, selling and distributing it in the United States.

4

OPINION

The only issue raised on this motion is that of personal jurisdiction, which of course is necessary if this case is to proceed in this court. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999) (holding that personal jurisdiction is "an essential element of the jurisdiction without which the court is "powerless to proceed to an adjudication" of lawsuit's merits) (citing Employers Reinsurance Corp. v. Bryant, 299 U.S. 374, 382 (1937)). The determination of personal jurisdiction over defendants in a patent infringement suit involves two inquiries. First, does jurisdiction exist under the forum state's long-arm statute? Trintec Industries, Inc. v. Pedre Promotional Products, Inc., 395 F.3d 1275, 1279 (Fed. Cir. 2005). Second, if such jurisdiction exists, would its exercise be consistent with the limitations of the due process clause? Id.

Wisconsin's jurisdictional statute, Wis. Stat. § 801.05, authorizes courts in the state to exercise jurisdiction over nonresident defendants in a number of specified circumstances, only two of which might apply to defendant. The first is § 801.05(1)(d), which provides that a court in Wisconsin has jurisdiction over persons "engaged in substantial and not isolated activities" within the state. At the time defendant was served, he was not engaged in any activities within Wisconsin. At no time had he ever been been involved in substantial and not isolated activities in this state that would satisfy the requirements of the statute. It had been about three years since he had stopped here on his way home from a trade show

5

to give MBA some advice on a customer's heating problem and four years since he had attended a trade show here.

The second possibility is § 801.05(4)(a), which applies to persons sued in cases that involve a local injury in the state resulting from a foreign act by the defendant, provided that at the time of the injury "solicitation or service activities were carried on within the state by or on behalf of the defendants." In trying to show that this statute could be a source of jurisdiction, plaintiff stumbles at the first step. This case does not involve a local injury or indeed any injury at all. Defendant did nothing more than send plaintiff a cease and desist letter, which is not a tortious act unless the sender lacks good faith for his belief that his patent has been infringed. (Plaintiff has not alleged that defendant lacked such a good faith basis.) Globetrotter Software, Inc. v. Elan Computer Group, Inc., 362 F.3d 1367, 1374-75 (Fed. Cir. 2004) (holding that letter warning of infringement to prospective purchaser of allegedly infringing company was not tortious interference with prospective economic advantage); see also Red Wing Shoe Co. v. Hockerston-Halerstadt, Inc., 148 F.3d 1355, 1360-61 (Fed. Cir. 1995) (discussing sending of cease and desist letter in context of due process analysis and concluding that principles of fair play "afford a patentee sufficient latitude to inform others of its patent rights without subjecting itself to jurisdiction in a foreign forum").

Even if plaintiff could have gotten over the first hurdle, it cannot prove that

6

defendant was engaged in solicitation or service activities in Wisconsin at the time he wrote to letter to warn of infringement.  Plaintiff does not suggest that defendant was so engaged; instead, it tries to fit defendant under § 801.05(4)(a) by tying him to MacDuffco, which does extensive business in Wisconsin through its distributor, MBA Corporation.  Its effort succeeds, plaintiff argues, because the Supreme Court of Wisconsin recognized personal jurisdiction in a similar situation in Schroeder v. Raich, 89 Wis. 2d 588, 278 N.W.2d 871 (1979).  In Schroeder, the plaintiffs had sold Wisconsin property to the defendant, a resident of Florida.  When Raich failed to make his payments, the plaintiffs sued him in a Wisconsin court.  Raich challenged the court's jurisdiction over him, alleging that he was a Florida resident, that he had not been present in Wisconsin when the contract for the property was signed and that he had never set foot in Wisconsin to inspect the property.

      The supreme court was not impressed.  It upheld the exercise of jurisdiction, finding that Raich had purchased the Schroeders' property as part of a partnership, that he and the same partner held an undivided half-interest in a store within the state, that he was participating in one or more business ventures in Wisconsin involving Wisconsin real estate and that his partners were authorized to act as his business agents.  The court noted the activities that necessarily go along with ownership of real estate, including payment of property taxes, obtaining insurance coverage on the property and maintaining, renting and otherwise managing the property and it concluded that these activities could be fairly

characterized as substantial and not isolated. Schroeder, 89 Wis. 2d at 596, 278 N.W.2d at 874-75.

Defendant is not a partner of MacDuffco and it is not his agent in Wisconsin. Thus, Schroeder is inapplicable. However, plaintiff contends that defendant's relationship with MacDuffco subjects him to the jurisdiction of this court because of MacDuffco's activities here. For this contention, plaintiff relies on Breckenridge Pharmaceuticals, Inc. v. Metabolite Laboratories, Inc., 444 F.3d 1355 (Fed. Cir. 2006). Breckenridge addressed the question whether defendant Metabolite was subject to personal jurisdiction in Florida in a suit brought against both Metabolite and its Florida distributor, PamLab. The Court of Appeals for the Federal Circuit acknowledged that merely sending cease and desist letters to an alleged infringer would not be enough to subject the sender to jurisdiction without more, but that Metabolite had done more: in cooperation with PamLab, it had sent ten to twenty letters to vitamin distributors and retailers in Florida. The letters informed the recipients of Metabolite's patents and its exclusive distributor license with PamLab, urged the recipients to consult with their patent attorneys before entering into any arrangement to sell generic equivalents to the prescription-only vitamin product covered by Metabolite's patent and included contact information for PamLab. Both the district court and the court of appeals found that the letters could be construed as solicitation or service activities within the state of Florida, sufficient to subject Metabolite to jurisdiction there when coupled with

8

Breckenridge's allegation of injury. Id. at 1361. However, the two courts parted company on the due process prong of the inquiry, with the district court finding that "principles of fair play and substantial justice" made it unreasonable to exercise jurisdiction over Metabolite and the court of appeals reaching the opposite conclusion.

In reaching its decision, the court of appeals canvassed some of its prior opinions on the subject of what factors beyond cease and desists letters would support the exercise of jurisdiction. Id. at 1366. ("[T]he crux of the due process inquiry should focus first on whether the defendant has had contact with parties in the forum state beyond the sending of cease and desist letters or mere attempts to license the patent at issue there."). The court held that a license agreement with a distributor working in the forum state could supply the extra connection with the state if the agreement extended beyond royalty or cross-licensing payment to such things as granting both parties the right to litigate instances of infringement or granting the licensor control over the licensee's sales or marketing activities. Id. at 1366. Looking at the parties' licensing agreement in the case before it, the court noted that Metabolite had granted PamLab the right to sue for patent infringement with Metabolite's written permission; the parties had agreed to cooperate in enforcement actions; and Metabolite had agreed "to provide consultation to PamLab in the science, medicine and marketing of vitamins and related products, from time to time." Id. at 1367. To the court, the licensing agreement demonstrated that the parties contemplated an ongoing relationship

9

that had in fact developed. The parties had coordinated the sending of cease and desist letters in Florida and elsewhere and were often represented by the same counsel.

In relying on <u>Breckenridge</u>, 444 F.3d 1356, plaintiff ignores the many differences between that case and this one. It was reasonable to hold Metabolite responsible for solicitation activities in Florida when it was the one that sent the letters to plaintiff's customers, suggesting that they consider an arrangement with PamLab to avoid infringement liability. Metabolite's arrangement with PamLab was clear: Metabolite had entered into the exclusive license with PamLab, authorizing it to carry on activities in the state of Florida. Metabolite had an ongoing consulting relationship with PamLab and presumably, the power to end the licensing arrangement if PamLab failed to perform its part of the license agreement. In this case, however, it would be odd to say that defendant MacDuff was engaged in solicitation activities in Wisconsin at the time he sent the letter to plaintiff. Defendant has no control over MacDuffco and receives no salary from it. Although the company is owned by his sons, his role in it is negligible. He consults with it on only an occasional basis and so far as the facts show, had nothing to do with selecting MBA Corporation as MacDuffco's distributor in Wisconsin and no occasion to supervise its activities.

In light of the differences between the two cases and plaintiff's inability to show any other basis on which defendant might be found subject to jurisdiction in this state, I am

10

persuaded that jurisdiction over defendant's person is lacking. Therefore, I need not reach the second prong of the personal jurisdiction inquiry, which is whether the exercise of jurisdiction would violate defendant's right to due process.

## ORDER

IT IS ORDERED that defendant James MacDuff's motion to dismiss this case against him for lack of personal jurisdiction is GRANTED. The clerk of court is directed to close the case and enter judgment for defendant.

Entered this 8th day of May, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

11